NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 13 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>SHANE SCOTT OLNEY,<br><br>Defendant-Appellant. | No.   16-30122<br><br>D.C. No.<br>2:13-cr-02094-TOR-19<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, Chief Judge, Presiding

Submitted July 11, 2017[**]
Seattle, Washington

Before:  TASHIMA and NGUYEN, Circuit Judges, and WALTER,[***] District
Judge.

Shane Olney appeals his conviction for sponsoring or exhibiting an animal

in an unlawful animal fighting venture, 7 U.S.C. § 2156(a)(1); 18 U.S.C. § 2.  He

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]      The Honorable Donald E. Walter, United States District Judge for the
Western District of Louisiana, sitting by designation.

contends that the district court lacked jurisdiction and that the criminal statute, as applied to him, violates his free exercise rights under the First Amendment. We review both contentions de novo. *See United States v. Begay*, 42 F.3d 486, 497 (9th Cir. 1994); *United States v. Ward*, 989 F.2d 1015, 1017 (9th Cir. 1992). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** We reject Olney's challenge to the district court's jurisdiction. "[F]ederal court jurisdiction extends to intra-Indian violations of federal criminal laws of general, nationwide applicability." *United States v. Mitchell*, 502 F.3d 931, 946 (9th Cir. 2007); *see Fed. Power Comm'n v. Tuscarora Indian Nation*, 362 U.S. 99, 116 (1960) ("[I]t is now well settled . . . that a general statute in terms applying to all persons includes Indians and their property interests."). The statute at issue here, 7 U.S.C. § 2156(a)(1), falls within that category. Whether or not the State of Washington retroceded its jurisdiction to prosecute state crimes occurring on Yakama land has no bearing on this federal prosecution of a federal crime.[1]

**2.** We also reject Olney's free exercise challenge to the statute. Olney was not punished for exercising "his dominion and control of his roosters" in accordance with his expressed religious beliefs. The district court found no evidence that he "personally exhibited or sponsored any particular rooster he

---

[1] Olney's request that we take judicial notice of two documents related to retrocession by Washington is therefore DENIED.

owned in the animal fighting venture." Olney was convicted for "host[ing] the entire animal fighting venture" in which others participated and exercised dominion and control over *their* roosters.

To the extent 7 U.S.C. § 2156, "a neutral law of general application," has "the incidental effect of burdening a particular religious practice" by Olney, it survives First Amendment scrutiny because it has a rational basis. *Stormans, Inc. v. Wiesman*, 794 F.3d 1064, 1075 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 2433 (2016). "[T]he prohibition of animal cruelty . . . has a long history in American law, starting with the early settlement of the Colonies." *United States v. Stevens*, 559 U.S. 460, 469 (2010); *see also id.* at 477 (observing that cockfighting has "long [been] considered immoral in much of America"). But "cockfighting [is] prohibited only in part out of compassion for the suffering animals; the main reason [it was] abolished was because it was felt that [it] debased and brutalized the citizenry who flocked to witness such [a] spectacle[]." *Paris Adult Theatre I v. Slaton*, 413 U.S. 49, 68 n.15 (1973). "Congress has declared cockfighting a scourge that warrants prosecution, and we have no quarrel with that." *Ortega-Lopez v. Lynch*, 834 F.3d 1015, 1017 (9th Cir. 2016).

**AFFIRMED.**